IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA,

MARK S. MUSZYNSKI,

    Petitioner,                  No. CIV-S-05-0825 JAM KJM P

    vs.

D. L. RUNNELS, et al.,             ORDER AND

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Calipatria State Prison. Petitioner's claims are related to the fact that he refused to provide CDCR officials with DNA samples as required by California Penal Code § 296.

/////
/////
/////
/////
/////
/////

1

<u>Analysis of Untimeliness Assertion</u>

Respondents assert that petitioner's habeas petition is not timely. Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

With respect to prison disciplinary proceedings, such as those at issue here, the limitations period begins to run under § 2244(d)(1)(D) when the administrative process concerning the disciplinary proceedings is complete. <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1066 (9th Cir. 2004).

Petitioner challenges seven instances of his being found guilty of failing to comply with California Penal Code § 296, on multiple grounds. Pet. at 4.[1] Petitioner was charged with violation of § 296 for the seventh time on May 13, 2002. Pet. at 9:3-7; Answer, Ex. 1 at 36. On June 17, 2002, he was found guilty of this violation, and assessed a loss of good time credit. Answer, Ex. A at 38-39. Petitioner then had fifteen days to appeal this decision using the CDCR appeals process. 15 Cal Admin. Code § 3084.6(c). It does not appear that petitioner submitted an appeal within fifteen days and there does not appear to be any other basis to delay

---

[1] Page cites are to those assigned by the court's CM/ECF system.

the commencement of the limitations period beyond fifteen days after the last time he was found guilty of violating Penal Code § 296.[2]

Accordingly, the limitations period applicable to this action began to run, at the latest, on July 2, 2002. Because this action was not commenced until April 2005 and there does not appear to be any basis for tolling the limitations period between July 2, 2002 and July 1, 2003, this action is time-barred.[3]

Motion to Shorten Time

Petitioner had asked the court to shorten the court's own time for resolving his petition. The court has addressed the petition as promptly as it is able given the other matters before it. With the issuance of these findings and recommendations, petitioner's request is moot.

/////

---

[2] Respondents assert that the limitations period began to run, at the latest, on November 18, 2003 which, according to respondents, was the day petitioner's last attempt to file an administrative appeal relating to the claims at issue in this action was denied at the final level of review. Mot. to Dismiss at 9:2-15. Respondents fail to point to any documents in support of this assertion but the court assumes they refer to Exhibit O attached to the petition. See Pet., Part 4 at 16. This exhibit indicates that a grievance submitted by petitioner was rejected at the Director's Level in November 2003 because petitioner had not completed the prior steps necessary to obtaining Director's Level review. Even though the grievance petitioner submitted to the Director's Level appears to have concerned matters at issue in this action, it was not submitted until October 2003. Id. Petitioner points to nothing showing he filed an initial grievance concerning these matters before expiration of the initial fifteen day filing limit, or that the filing process was unavailable to him at any time.

Referencing California Penal Code § 2932(d), petitioner suggests that the limitations period started to run fifteen days after the time ran for him to file an appeal with respect to his last violation of California Penal Code § 296 because he had fifteen days after his appeal was denied to seek review with the California Board of Prison Terms. Traverse at 5. However, as indicated above, nothing suggests petitioner ever properly initiated the internal appeal process. Therefore, the court cannot conclude that any such appeal was denied so as to provide petitioner the opportunity to seek relief from the Board of Prison Terms.

[3] In his petition, petitioner requests that the court order him transferred from High Desert State Prison so that he may have access to the rehabilitation programs he must complete before being considered for parole. Pet. at 20. However, petitioner fails to point to anything indicating his participation in the programs identified would have any effect on his prospects for parole. In any event, petitioner now has been transferred from High Desert to Calipatria State Prison. See Docket No. 19.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to shorten time (docket no. 20) is denied.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2008.

_____
U.S. MAGISTRATE JUDGE

1
musz0825.157(1)