IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK S. MUSZYNSKI,

      Petitioner,                    No. CIV S-05-0825 JAM KJM P

   vs.

D.L. RUNNELS, et al.,

      Respondents.               ORDER

_____/

        Petitioner, a California prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On August 13, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.  Petitioner

/////
/////
/////
/////
/////

1

has filed objections to the findings and recommendations.[1]  Respondents have filed a reply to the objections.[2]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

/////

/////

/////

---

[1] In his objections, petitioner asserts that the court should find that this action is not time-barred based on the doctrine of equitable tolling.  "Equitable tolling" of the limitations period is appropriate when extraordinary circumstances beyond a habeas petitioner's control make it impossible for him to file on time.  E.g. <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005).  While petitioner points to several incidents which he alleges delayed the commencement of this action, none are extraordinary circumstances to prisoners.  Also, petitioner fails to show that any of the circumstances, even if they were extraordinary, made it impossible for petitioner to file on time.

[2] In her findings and recommendations, the magistrate judge concludes that the limitations period applicable to this action began to run at the latest on July 2, 2002.  The magistrate judge points to evidence indicating petitioner was found guilty in a prison disciplinary proceeding of violating California Penal Code § 296 on June 17, 2002 and when the fifteen day period of time for petitioner to appeal this decision expired, the limitations period began.  However, under Title 15 of the California Administrative Code § 3084.6(c), petitioner has 15 <u>working</u> days from the date of any decision from a prison disciplinary proceeding to appeal.  Therefore, the limitations period applicable to action began to run, at the latest, on July 9, 2002.

The fact that the court finds that the limitations period began run at the latest on July 9, 2002 does undermine the magistrate judge's conclusion that this matter is time barred.  The magistrate judge found that there is no basis to toll the limitations period any time within the year following July 2, 2002.  This court agrees and finds that there is also no basis to toll the limitations period between July 2, 2002 and July 9, 2002.

Petitioner actually asserts that he did not receive the July 2, 2002 decision until July 8, 2002.  This, petitioner claims, means the 15 working day period to file an appeal did not begin to run until July 8, 2002.  However, petitioner fails to provide any legal support for his conclusion.  In any case, even if the court were to find that the 15 working day period to file an appeal did not commence until July 8, 2002, this action is still time barred.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 13, 2008, are adopted in full; and

2. Petitioner's application for a writ of habeas corpus is denied.

DATED: October 6, 2008

                                          /s/ John A. Mendez
                                          HON. JOHN A. MENDEZ
                                          UNITED STATES DISTRICT JUDGE